**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| NAVBLAZER, LLC, <br><br>          Plaintiff, <br><br>    v. <br><br> APPLE INC., <br><br>          Defendant. | Case No.       6:20-cv-00085-ADA <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT APPLE INC.'S MOTION TO STAY PENDING**
**RESOLUTION OF ITS MOTION TO TRANSFER**

## **TABLE OF CONTENTS**

I.     BACKGROUND ........................................................................................................1

II.    THIS CASE SHOULD BE STAYED PENDING A RULING ON APPLE'S MOTION
       TO TRANSFER........................................................................................................1

       A.     The Court Has Inherent Authority To Stay This Case.............................................1

       B.     All Relevant Factors Favor a Stay Pending a Decision on Transfer.......................2

              1.     Factor One: A Stay Will Not Prejudice NavBlazer ....................................2

              2.     Factor Two: Apple Will Suffer Hardship Absent a Stay ............................2

              3.     Factor Three: A Stay Will Conserve Judicial Resources............................3

III.   CONCLUSION...........................................................................................................3

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*In re Beebe*,
  56 F.3d 1384, 1995 WL 337666 (5th Cir. 1995) ......................................................1

*In re Google Inc.*,
  No. 2015-138, 2015 WL 5294800 (Fed. Cir. July 16, 2015)................................1, 3

*In re Horseshoe Entm't*,
  337 F.3d 429 (5th Cir. 2003) ...................................................................................2

*In re Seagate Tech., LLC*,
  497 F.3d 1360 (Fed. Cir. 2007) ...............................................................................2

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936)...................................................................................................1

*McKnight v. Blanchard*,
  667 F.2d 477 (5th Cir. 1982) ...................................................................................1

*Sparling v. Doyle*,
  No. EP-13-CV-00323-DCG, 2014 WL 12489985 (W.D. Tex. Mar. 3, 2014) ...........3

*Transmatic, Inc. v. Gulton Indus., Inc.*,
  180 F.3d 1343 (Fed. Cir. 1999) ...............................................................................2

*Underwater Devices Inc. v. Morrison-Knudsen Co.*,
  717 F.2d 1380 (Fed. Cir. 1983) ...............................................................................2

*Yeti Coolers, LLC v. Home Depot U.S.A., Inc.*,
  1:17-cv-342, 2018 WL 2122868 (W.D. Tex. Jan. 8, 2018).......................................2

Defendant Apple Inc. ("Apple") respectfully moves for a stay pending a decision on its Motion to Transfer (Dkt. No. 24).

## I.    BACKGROUND

On July 15, 2020, Apple filed a Motion asking this Court to transfer this case to the Northern District of California. (Dkt. No. 24.) Briefing on Apple's motion is expected to take at least until August 5, 2020. *See* Order Governing Proceedings – Patent Case § 5 (Dkt. No. 21).

This case is at a very early stage. No Case Management Conference has occurred, nor have any proceedings, substantive or otherwise, been held before this Court. Apple and NavBlazer conferred in good faith on this motion during a telephone conference on July 10. NavBlazer opposes Apple's motion to stay this case pending resolution of Apple's transfer motion.

## II.    THIS CASE SHOULD BE STAYED PENDING A RULING ON APPLE'S MOTION TO TRANSFER

### A.    The Court Has Inherent Authority To Stay This Case

"[T]he power to stay proceedings" is "incidental to a district court's inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Beebe*, 56 F.3d 1384, 1995 WL 337666, at *2 (5th Cir. 1995) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) (explaining the district court's "general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice").

The Federal Circuit has "stressed the importance of addressing motions to transfer at the outset of litigation" to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *In re Google Inc.*, No. 2015-138, 2015 WL 5294800, at *1 (Fed. Cir. July 16, 2015) (quotations omitted). Likewise, the Fifth Circuit has counseled that district courts should make timely filed transfer motions a "top

priority" before commencing substantive work on a case. *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003).

**B.      All Relevant Factors Favor a Stay Pending a Decision on Transfer**

Courts in this District usually consider three factors to determine whether a stay is warranted: (1) potential prejudice to the non-moving party; (2) the hardship and inequity the moving party would suffer if the action is not stayed; and (3) the judicial resources saved by avoiding duplicative litigation. *Yeti Coolers, LLC v. Home Depot U.S.A., Inc.*, 1:17-cv-342, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018). Here, all three factors favor staying this case.

**1.      Factor One: A Stay Will Not Prejudice NavBlazer**

NavBlazer will not suffer any prejudice from staying this case. Apple's proposed stay is limited to the time involved in the Court's consideration of Apple's Motion to Transfer. NavBlazer does not compete with Apple in the market, and thus will not suffer any prejudice from a short stay. To the extent NavBlazer contends that it will suffer any economic disadvantage from a stay, it has a simple remedy if ultimately successful on the merits in the form of prejudgment interest. *Underwater Devices Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380, 1389 (Fed. Cir. 1983), *overruled on other grounds by In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007); *see also Transmatic, Inc. v. Gulton Indus., Inc.*, 180 F.3d 1343, 1347–48 (Fed. Cir. 1999). Moreover, NavBlazer has not yet invested significant resources litigating in this forum, as it has not taken or requested any discovery or filed any motions, and no proceeding has taken place thus far. Thus, NavBlazer cannot contend that a stay would prejudice any investments of time or resources it has already made in this case.

**2.      Factor Two: Apple Will Suffer Hardship Absent a Stay**

On the other hand, Apple will suffer hardship if a stay is not granted: being unnecessarily "forced to expend resources litigating substantive matters in an inconvenient venue while a motion

to transfer" is pending. *In re Google*, 2015 WL 5294800, at *1. Further, if Apple engages in initial discovery or provides contentions here while its motion to transfer is pending, it may need to redo some of that work if the case proceeds and is later transferred to the Northern District of California, whose rules and requirements differ from those of this Court. *See* U.S. District Court for the Northern District of California, Patent Local Rules, https://www.cand.uscourts.gov/filelibrary/177 /Patent_Local_Rules_1-2017.pdf. Staying this case until the Court rules on Apple's transfer motion would avoid this risk of hardship to Apple.

### 3.    Factor Three: A Stay Will Conserve Judicial Resources

Finally, a stay would best serve the interests of judicial economy. By considering Apple's transfer motion first, this Court may avoid "needlessly expending its energies familiarizing itself with the intricacies of a case that the transferee judge may have to duplicate" should the Court grant Apple's motion. *Sparling v. Doyle*, No. EP-13-CV-00323-DCG, 2014 WL 12489985, at *4 (W.D. Tex. Mar. 3, 2014) (quotations omitted).

## III.    CONCLUSION

Staying this case until the Court rules on Apple's motion to transfer would make sure first things are handled first and benefit all involved. Neither NavBlazer nor Apple would have to expend resources until it was clear where and under what procedural rules this case will ultimately be litigated. Likewise, the Court could avoid expending resources learning the details of this matter unless it is clear that work is necessary. For these reasons, Apple respectfully requests the Court stay this case until it rules on Apple's pending motion to transfer.

Date: July 15, 2020                    Respectfully submitted,

By:  _/s/ Michael Pieja_____

Michael Pieja (*Pro Hac Vice*)
California State Bar No. 250351
Alan Littmann (*Pro Hac Vice*)
Illinois State Bar No. 6283389
Doug Winnard (*Pro Hac Vice*)
California State Bar No. 275420
Samuel E. Schoenburg (*Pro Hac Vice*)
Illinois State Bar No. 6327565
GOLDMAN ISMAIL TOMASELLI
  BRENNAN & BAUM LLP
200 S. Wacker Dr., 22nd Floor
Chicago, Illinois 60606
Tel: (312) 881-5954
Tel: (312) 881-5969
Tel: (312) 881-5944
Tel: (312) 881-5173
Email: mpieja@goldmanismail.com
Email: alittmann@goldmanismail.com
Email: dwinnard@goldmanismail.com
Email: sschoenburg@goldmanismail.com

J. Stephen Ravel
Texas State Bar No. 1658497
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Email: steve.ravel@kellyhart.com

**Attorneys for Defendant APPLE INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of **DEFENDANT APPLE INC.'S MOTION TO STAY PENDING RESOLUTION OF ITS MOTION TO TRANSFER** via the Court's CM/ECF system per Local Civil Rule CV-5(b)(1) on July 15, 2020.


*/s/ Michael Pieja*
Michael Pieja